Araba Panford, Esq.
Nevada Bar No. 11235
MOKRI VANIS & JONES, LLP
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  702.880.0688
Facsimile:   949.226.7150
apanford@mvjllp.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **CHERYL NORTHUP, an individual,**<br><br>**Plaintiff,**<br>v.<br><br>**POWER PROMOTIONS, LLC, a Nevada limited liability company,**<br><br>**Defendant.** | Case No. _____<br><br>**COMPLAINT**<br><br>*DEMAND FOR JURY TRIAL* |

Plaintiff Cheryl Northup (hereinafter "Plaintiff" or "Northup"), by and through undersigned counsel, hereby alleges as follows:

### PARTIES

1.     Plaintiff is an individual residing in Riverside County, California.

2.     At all times material, Defendant Power Promotions, LLC ("PPLLC" or "Defendant") was and continues to be a Nevada limited liability company, with its principal office located at 2730 Coventry Green Avenue, Henderson, Nevada 89074.

## II. JURISDICTION AND VENUE

3.    Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is an individual residing in California. Defendant is a Nevada limited liability company with its principal place of business in Nevada. Thus, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

4.    Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Defendant is located in this District and a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District.

## III. FACTS

5.    Defendant is a promotional products distributor.

6.    Plaintiff is a sales professional with extensive experience in selling promotional products.

7.    On or about December 2, 2013, Defendant provided Plaintiff with an "Employment Contract," under which Defendant offered and agreed to "employ" Plaintiff as an outside sales representative. A true and correct copy of the Employment Contract is appended hereto as Exhibit A.

8.    Pursuant to the Employment Contract, Defendant offered and agreed to pay commissions to Plaintiff for her sales on a bi-weekly basis, with a "50/50 split of the net profit between [Defendant and Plaintiff]."

9.    From December 2013 until August 2019, Defendant and Plaintiff acted in accordance with the Employment Contract, during which time Defendant paid Plaintiff in accordance with the agreed-upon "50/50 split of the net profit."

10.    In May 2019, Plaintiff resigned from her position as outside sales representative, and her last day working for Defendant was May 29, 2019. At that time, Plaintiff had many outstanding sales for which commissions would be due when delivered to and paid by Defendant's customers.

*Northup v. Power Promotions, LLC*                    -2-                    COMPLAINT

11. Following Plaintiff's resignation, Defendant continued to pay Plaintiff for all earned commissions on a bi-weekly basis in accordance with the terms of the Employment Contract.

12. In August 2019, Defendant suddenly and inexplicably ceased paying Plaintiff for the earned and owed commissions.

13. At one point after August 2019, Defendant asserted that it would be stopping all future payments to Plaintiff for earned but unpaid commissions.

14. Despite that threat, on September 10, 2019, Defendant informed Plaintiff by email that it would "be holding onto all future commissions until, [sic] all orders are delivered and paid by the customer" and "at that time, we will send you your final check."

15. Plaintiff is owed approximately $219,000.00 in earned and unpaid commissions for her previous sales delivered to and paid by Defendant's customers.

16. Defendant has not paid Plaintiff any portion of that approximately $219,000.00 in earned and unpaid commissions owed to Plaintiff.

**COUNT ONE**

**BREACH OF CONTRACT**

17. Plaintiff hereby incorporates all previous Paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Plaintiff and Defendant entered into an Employment Contract on or about December 3, 2013.

19. From December 2013 until August 2019, Defendant and Plaintiff acted in accordance with the terms and conditions of that Employment Contract.

20. Plaintiff performed all material conditions, covenants, and promises required to be performed on her part in accordance with the terms and conditions of the parties' agreement.

21. Defendant has breached the parties' agreement by not paying Plaintiff in accordance with the terms of the parties' agreement.

22. As a direct result of Defendant's breach, Plaintiff has incurred damages in excess of $219,000.00.

23. Plaintiff was required to engage the services of an attorney to collect the sums due to her by Defendant and is entitled to reasonable attorneys' fees and costs.

## COUNT TWO

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24. Plaintiff hereby incorporates all previous Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Every contract, including the Employment Contract, imposes on each party a duty of good faith and fair dealing in the performance of the contract.

26. By failing to fulfill its obligations to the Employment Contract as explained above, Defendant has breached his duty of good faith and fair dealing in the performance of the Employment Contract's terms.

27. Plaintiff was required to engage the services of an attorney to collect the sums due to her by Defendant and is entitled to reasonable attorneys' fees and costs.

## COUNT THREE

## UNJUST ENRICHMENT

28. Plaintiff hereby incorporates all previous Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Plaintiff has many sales for which commissions were earned and are due.

30. Defendant accepted and enjoyed the benefit of the sales.

31. Defendant knew or should have known that Plaintiff was owed payments for unpaid commissions

32.   To date, Defendant has failed, neglected and/or refused to pay Plaintiff the amounts owed, to the detriment of the Plaintiff.

33.   Defendant has been unjustly enriched, to the detriment of the Plaintiff, in excess of $219,000.00.

34.   Plaintiff was required to engage the services of an attorney to collect the sums due to her by Defendant and is entitled to reasonable attorneys' fees and costs.

**COUNT FOUR**

**VIOLATION OF NEVADA LABOR LAW (NRS 608.020 – 608.050)**

35.   Plaintiff hereby incorporates all previous Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.   Under NRS 608.012, commissions owed are considered "wages."

37.   Defendant violated NRS 608.030 by not paying Plaintiff's final wages by (a) the day on which Plaintiff would have regularly been paid the wages or (b) seven days after Plaintiff resigned.

38.   Under NRS 608.040, Defendant's violation of NRS 608.030 requires Defendant to pay an additional 30 days of wages of Plaintiff.

39.   Plaintiff was required to engage the services of an attorney to collect the sums due to her by Defendant and is entitled to reasonable attorneys' fees and costs pursuant to NRS 608.140.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment against Defendant in an amount in excess of $219,000.00;

2. Pre and post judgment interest;

3. Attorneys' fees and costs;

4. Such other and further relief the Court deems just and appropriate.

Dated: JANUARY __, 2020

By: ___/s/ *Araba Panford*_____
Araba Panford, Esq.
Nevada Bar No. 11235
MOKRI VANIS & JONES, LLP
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  702.880.0688
Facsimile:   949.226.7150
apanford@mvjllp.com

Attorneys for Plaintiff

# EXHIBIT A

## Employment Contract

This agreement is made and takes effect on **12/02/2013** between Power Promotions LLC, a Nevada corporation, hereafter called "Company" and Cheryl Northup, hereafter called "Outside Sales Representative".

Witnesseth:

1. The Company hereby employs Outside Sales Representative for a term commencing on the date of this agreement and Outside Sales Representative hereby accepts such employment.

2. For services rendered by the Outside Sales Representative, the Company shall pay him/her as follows:

A.      A non-recoverable draw - payments affective December 2, 2013 through June 2, 2014 with the sum of $800.00 (eight hundred dollars) per week. Commissions earned in any 2 week period will be reduced by no more than $1,600 during this time. After June 2, 2014 the weekly draw will convert to a straight draw against all future commissions (a recoverable draw). The Outside Sales Representative shall not be liable for any monies if she decides to terminate employment with Company before said amount is paid back.

B.      A commission check will be payable to Cheryl Nortnup which will be determined on the amount of sales the Outside Sales Representative makes and will be paid once check has been received from customer on a bi-weekly basis. There will be a 50/50 split of the net profit between Company and Outside Sales Representative. .

3. This agreement shall be interpreted and, if necessary, adjudicated in accordance with the laws of State of Nevada, Clark County.

Continued

In witness to their agreement to these terms, Company's representative and Outside Sales Representative affix their signatures below:

December _____, 2013

_____

Power Promotions LLC
3170 E. Sunset Rd., Ste H
Las Vegas, NV 89120

December _02\_\_\_, 2013

_____

Cheryl Northup